IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DELORIS MATHESON,**<br><br>      Plaintiff,<br><br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>      Defendant. | **ORDER**<br><br>Case No. 2:12-cv-00623-DBP<br><br><br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff appeals the Commissioner of Social Security's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (the Act), 42 U.S.C. §§ 401-33, 1381-1383c.  Having considered the parties' briefs, the administrative record, the arguments of counsel and the relevant law, the Court AFFIRMS the Commissioner's decision.

**PROCEDURAL HISTORY**

On September 21, 2006, Plaintiff protectively filed applications for DIB and SSI, alleging an onset date of August 17, 2006 (Tr. 253-64, 313).  On September 20, 2010, after various administrative proceedings, including an hearing before and decision denying benefits by an administrative law judge (ALJ), the Appeals Council granted Plaintiff's request for review and remanded Plaintiff's case to a new ALJ for further consideration (Tr. 165-68).

On March 11, 2011, a new ALJ held a second hearing, at which Plaintiff, a medical expert, and a vocational expert testified (Tr. 41-110).  On March 25, 2011, the ALJ issued a new decision, finding Plaintiff "not disabled" within the meaning of the Act (Tr. 20-35).  The

Appeals Council denied Plaintiff's request for review of that decision (Tr. 1-5), making the ALJ's decision the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981.[1]  This appeal followed.

## STATEMENT OF RELEVANT LAW

**I.      Definition of disability under the Act**

The Act states that an individual "shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).  The inability to perform such work must last, or be expected to last, at least 12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

**II.     Process for determining disability under the Act**

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process.  That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to [her] past relevant work; and, if not, (5) could perform other work in the national economy.  20 C.F.R. § 404.1520(a)(4).  If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary.  *Id*.

---

[1] All citations to the Code of Federal Regulations (C.F.R.) are to the 2012 edition. Because Title II (DIB, part 404) and Title XVI (SSI, part 416) have parallel citations, this order references only the Title II (part 404) citations.

**III.     Standard of review**

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation and citation omitted).  The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Id.*  Where the evidence as a whole can support either the agency's decision or an award of benefits, the court must affirm the agency's decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

**I.     The ALJ's residual functional capacity assessment was supported by substantial evidence**.

Residual functional capacity is an administrative determination left solely to the Commissioner.  20 C.F.R. § 404.1546(c) (at the administrative hearing level, the ALJ is responsible for assessing residual functional capacity); Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *2 (stating that some issues, such as residual functional capacity, are not medical issues regarding the nature and severity of an individual's impairment(s) but instead administrative findings that are dispositive of a case, and thus are reserved to the Commissioner).  Residual functional capacity is based on all the evidence in the record, not just medical opinions, lay witness statements, or a claimant's testimony.  20 C.F.R. § 404.1545(a)(3) (residual functional capacity is assessed based on all of the relevant medical and other evidence in the record).

Plaintiff challenges two aspects of the ALJ's residual functional capacity assessment: 1) his assessment of various physicians' opinions, and 2) his assessment of her mild glaucoma and her complaints of reaching, handling, and fingering difficulties.

### A. The ALJ properly considered and reasonably assessed the opinions rendered by the various medical sources of record.

Plaintiff urges the Court to find that the ALJ did not correctly assess the opinions of Drs. Christian, Durham, and Susman. Defendant argues that the ALJ provided sufficiently specific reasons, supported by substantial evidence, for his assessment of those medical sources' opinions. The Court agrees with Defendant.

The ALJ was required to consider and assess the treating physicians' opinions and other probative opinion evidence in making his residual functional capacity finding. *See* 20 C.F.R. § 404.1527(c)(2) (the Commissioner "will always give good reasons" for the weight given to a claimant's treating sources' opinions); SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). In doing so, the ALJ could consider several factors, including: the nature of the source's relationship with the claimant, the support the source provides for the opinion, the opinion's consistency with other evidence in the record, the source's medical specialty, and "any other factors which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c). The ALJ was not required to "apply expressly" every relevant § 404.1527(c) factor. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (recognizing that an ALJ is not required to "apply expressly" every relevant factor for weighing opinion evidence).

The ALJ adequately addressed Dr. Christian's opinions and explained why he assigned those opinions "little weight." Dr. Christian provided three opinions, each of which stated that Plaintiff had limitations which appear to be inconsistent with the ability to perform substantial

4

gainful activity (Tr. 530-33, 541-44, 548-51). The ALJ discussed Dr. Christian's opinions and found that they were not supported by objective findings or test results in his own treatment notes or in the other medical notes throughout the record as a whole; were inconsistent with his own treatment notes; and were inconsistent with the level of limitation suggested by other medical reports throughout the record (Tr. 31-32). These were specific, legitimate reasons for assigning those opinions "little weight." 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."), (c)(4) (stating an ALJ must consider whether an opinion is consistent with the other evidence in the record); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004) (stating ALJ may consider the degree to which a physician's opinion is supported by relevant evidence); *Castellano v. Secy' of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (finding ALJ reasonably discounted treating physician opinion which was not supported by his own notes). The ALJ's findings regarding those opinions were reasonable conclusions supported by substantial evidence in the record.

Furthermore, the ALJ adequately addressed Dr. Durham's opinion regarding Plaintiff's mental impairments. Dr. Durham noted no abnormalities in Plaintiff's thought processes, memory, concentration, attention, social understanding, judgment, and insight (Tr. 450). He assigned Plaintiff a global assessment of functioning (GAF)[2] score of "50-55 (Current)" (Tr. 451). Dr. Durham opined that Plaintiff could complete one-to-two step instructions without the need for repetition or simplification and was able to understand directions, communicate

---

[2] A GAF score is a snapshot of a individual's current condition and is not designed for adjudicative determinations. *See Diagnostic and Statistical Manual of Mental Disorders* (*DSM-IV-R*) "Global Assessment of Functioning," at *34 (4th Ed. (revised) 2000). A GAF score of 50 to 55 indicates moderate (GAF 51-60) to serious (GAF 41-50) symptoms or moderate to serious difficulties in social, occupational, or school functioning. *See id.*

clearly, and interact with people adequately (Tr. 450-51). The ALJ assigned this opinion "great weight" (Tr. 32).

Although Plaintiff contends that the ALJ erred in not discussing and incorporating Dr. Durham's GAF score in his residual functional capacity assessment, the Court declines to find error here. The Tenth Circuit has consistently held that an ALJ does not err when not discussing or placing stock in GAF scores, even scores as low as 41 to 50, when the explanation provided by the medical source assigning those scores does not refer to any particular work-related limitations. *See, e.g., Zachary v. Barnhart*, 94 F. App'x 817, 819 (10th Cir. 2004); *Whelchel v. Barnhart*, 94 F. App'x 703, 709 (10th Cir. 2004) (noting that the ALJ reasonably relied on examining psychologists' mental status examination findings and discussion of normal test results, which contradicted and outweighed his GAF score of 47); *Lopez v. Barnhart*, 78 F. App'x 675, 678 (10th Cir. 2003) (holding that, where the examining physician did not indicate that claimant could not work, the ALJ did not err by failing to discuss GAF rating of 40 because the score was not "significantly probative evidence in opposition to the ALJ's ultimate conclusions" (internal quotation marks and citation omitted)). The ALJ could reasonably conclude that Dr. Durham's narrative supported a conclusion that Plaintiff's mental impairments were not incompatible with the ability to work.

Finally, the ALJ adequately considered and discussed Dr. Susman's opinion and explained the weight he gave that opinion. Dr. Susman opined that Plaintiff could stand and walk two to three hours and sit up to six hours in an eight-hour workday, with some postural, environmental, and overhead reaching limitations (Tr. 521). The ALJ stated that he assigned "moderate weight" to all of the State agency consultants' opinions and described his reasons for doing so (Tr. 32), later referring to Dr. Susman's opinion specifically (Tr. 33). This statement

was sufficient.  *Cf. Oldham*, 509 F.3d at 1258-59 (ALJ's discussion of examining psychologist's opinion sufficient where the ALJ mentioned the opinion and generally discounted the opinions of all treating and examining sources on the grounds that Oldham's statements to those sources were "highly unreliable").  The Appeals Council had directed the ALJ to consider and discuss Dr. Susman's opinion (Tr. 167), and the ALJ followed that direction (Tr. 32-33).  Notably, the Appeals Council did not order the ALJ to accept Dr. Susman's opinion or adopt its limitations in his residual functional capacity assessment (*see* Tr. 167).

In sum, the Commissioner's final decision demonstrates that the ALJ considered the relevant medical opinions and provided sufficient support, based on substantial evidence, for the conclusions he reached.  In such circumstances, the Court is constrained to give deference to the ALJ's decision, whether or not it would have decided the matter differently.  *See Lax*, 489 F.3d at 1084 (the court "may not displace the agency's choice between two fairly conflicting views, even though [it] would justifiably have made a different choice").

> **B.     The ALJ's residual functional capacity finding reasonably accounted for all of Plaintiff's functional limitations.**

Plaintiff urges the Court to find that the ALJ should have included additional limitations related to her diagnosis of mild glaucoma and her complaints of reaching, handling, and fingering difficulties.  Defendant argues that the ALJ reasonably accounted for all of Plaintiff's functional limitations in his residual functional capacity assessment.  The Court agrees with Defendant.

The ALJ found Plaintiff's "mild glaucoma" to be a severe impairment at step two of the Commissioner's five-step sequential evaluation (Tr. 23).  *See* 20 C.F.R. § 404.1520(a)(4)(ii) (discussing step two of the five-step sequential evaluation).  Plaintiff argues that remand is

required because the ALJ did not include any vision-based functional limitations in his residual functional capacity finding (Tr. 25-26).

As an initial matter, the Court notes that the threshold for determining that an impairment is "severe" is minimal. *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008) ("the showing a claimant must make at step two is *de minimis* . . ."). Dr. Lipton, the medical expert, testified that Plaintiff "carried a history of glaucoma," but that he "didn't see that she has a longitudinal visual problem with that" (Tr. 61; *see also* Tr. 455, 514, 519 (State agency physician opinions that Plaintiff had no visual limitations)). Plaintiff points to nothing in the record contradicting Dr. Lipton's testimony or otherwise showing any functional limitations resulting from her glaucoma diagnosis that the ALJ should have included in his residual functional capacity finding. As such, the Court finds no basis for remand on this issue.

Next, the Court turns to Plaintiff's argument that the ALJ was required to include, in his residual functional capacity assessment, additional limitations regarding reaching, handling, and fingering. The ALJ limited Plaintiff to "frequent . . . pushing and pulling; turning of arms and wrists, opening and closing of fists; [and] using hands and fingers," and "occasional . . . reaching above the shoulders" (Tr. 25-26). Plaintiff argues that the responses found in Dr. Christian's January and December 2008 opinions support greater limitations. In those opinions, Dr. Christian stated that Plaintiff had significant limitations with reaching, handling, or fingering (Tr. 532, 543). As noted above, the ALJ reasonably assigned "little weight" to Dr. Christian's opinions (Tr. 32), and Dr. Christian failed to point to any particular objective findings or diagnostic test results which might support such limitations. Thus, the ALJ was not required to include Dr. Christian's more limiting assessment in his residual functional capacity findings. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ was not required to include in his

8

residual functional capacity assessment limitations which were not supported by the medical record).  The ALJ's residual functional capacity findings regarding these limitations find support in the record (Tr. 455, 521 (State agency physician opinions)).  Plaintiff points to no other evidence in the record which might support greater reaching, handling, and fingering limitations.  As such, the ALJ's residual functional capacity findings regarding those limitations were supported by substantial evidence, and the Court finds no grounds for remand on this issue.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence and free from harmful legal error.  Accordingly, IT IS HEREBY ORDERED that the ALJ's determination that Plaintiff should be denied Social Security benefits be AFFIRMED.

Dated this 12th day of April, 2013.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE